**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KYLE E. DIXON, | : | |
| | : | Civil Action No. 08-3641 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SEAN THOMAS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    KYLE E. DIXON, Plaintiff pro se
    # 164203
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**BUMB**, District Judge

    Plaintiff Kyle E. Dixon ("Dixon"), currently confined at the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, seeks to bring this action in forma pauperis, alleging a claim of negligence and denial of medical care in a civil rights action under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I.  BACKGROUND

Dixon asserts his claims against the following defendants: Sean Thomas, Assistant Acting Warden at the ACJF; the Head Nurse at ACJF; and Corrections Officer ("CO") Dutsa.  (Complaint, Caption).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Dixon alleges that he had fallen from his top bunk and needed to be taken to the medical department.  Rather than place plaintiff on a stretcher, the Head Nurse put Dixon in a wooden chair for transport.  CO Dutsa then pushed on the back of the chair to move it and it caused more pain in plaintiff's back and spine.

Dixon seeks an unspecified amount in compensatory damages for his pain and suffering.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, plaintiff was a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The

Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston

4

v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

Dixon alleges a claim of negligence denial of medical care as a result of his transport to the medical department after he fell from his top bunk.

It appears that Dixon may be a pretrial detainee confined at ACJF.  As a pretrial detainee, Dixon's constitutional claim alleging denial of medical care should be considered under the due process clause (of the Fourteenth Amendment) instead of the Eighth Amendment.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Correctional

5

Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  See also Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000)(*citing* Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)); Despaigne v. Crolew, 89 F. Supp.2d 582, 585 (E.D.Pa. 2000) and Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, ...; *i.e.* whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of  guilt....") (citing Hubbard, 399 F.3d at 158).  In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees.  399 F.3d at 165-67.  Pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners with respect to the conditions of their confinement. Bell v. Wolfish, 441 U.S. at 545; Hubbard, 399 F.3d at 165-66; Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003).

　　　Here, Dixon's allegations do not rise to the level of a constitutional violation.  He does not allege that he was actually denied medical treatment, only that it was not the "proper" treatment, *i.e.,* a wooden chair was used instead of a stretcher to transport him to the medical department after his fall.  Furthermore, his allegations do not suggest that the

defendants were denying him any medial treatment simply for the purpose of punishing him.  Finally, the allegations in the Complaint do not allege that Dixon's condition posed a serious medical risk.  Consequently, based on these allegations alone, even if true, this Court finds that there was no denial of medical treatment that was so excessive in relation to any stated purpose of jail security and administration, which would infer that such denial was intended as punishment.  See Hubbard, 399 F.3d at 158-63; Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D.Pa. 1993).

Rather, it would appear that Dixon was provided medical care after his fall, but the use of a wooden chair instead of a stretcher did not meet his satisfaction.  There are no allegations to suggest that treatment had been denied completely. As noted above, Dixon has not demonstrated any serious medical need that has been purposefully or willfully ignored by defendant.  Therefore, this claim alleging denial of medical care will be dismissed for failure to state a claim at this time. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Finally, Dixon's claim of simple negligence is not cognizable in a § 1983 action.  See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)(allegations of negligent treatment are medical malpractice or medical negligence claims, and do not trigger constitutional protections).

7

Moreover, this Court finds that no diversity jurisdiction exists in this matter if plaintiff's medical claim was construed as simple negligence or medical malpractice under state law. Dixon can bring such common law claims in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.  It has long been recognized that, to find jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  Id.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and the defendant officials/employees at ACJF.  Plaintiff is currently confined in the ACJF in New Jersey, and the defendants are employed at ACJF in New Jersey where the incident occurred.[1]  These facts suggest that the defendants likely reside in the State of New Jersey.  Therefore, because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim that may be

---

[1] Plaintiff does not provide the domicile or residence of the defendants, except to note that they are employed at ACJF in New Jersey.

8

construed from the Complaint against this defendant, pursuant to 28 U.S.C. § 1332(a).  Plaintiff may seek to reopen this case if he can show facts to support diversity jurisdiction.

V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, as against all defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: August 8, 2008